## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 21 2018, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Cooper
Law Office of Christopher Cooper, Inc.
Griffith, Indiana

ATTORNEY FOR APPELLEE

J. Justin Murphy
Murphy Law Firm
Hammond, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Guy Mikulich,

*Appellant-Plaintiff,*

v.

Lake County, Indiana,

*Appellee-Defendant.*

February 21, 2018

Court of Appeals Case No.
45A03-1705-PL-1167

Appeal from the Lake Superior Court

The Honorable Bruce D. Parent, Judge

Trial Court Cause No.
45D04-1612-PL-120

**Bradford, Judge.**

# Case Summary

[1]     At all times relevant to this appeal, Appellant-Plaintiff Guy Mikulich was employed by the Lake County Sheriff's Department. In September of 2016, Mikulich filed an application for disability retirement benefits with Lake County ("the County"). The County denied Mikulich's application after it determined that Mikulich did not meet the requirements for receiving the requested benefits. Mikulich sought review of the County's decision in the trial court. This appeal stems from the dismissal of the trial court action. We affirm.

# Facts and Procedural History

[2]     On or about September 21, 2016, Mikulich filed an application for disability retirement benefits. The application was forwarded to the Lake County Sheriff's Merit Board ("the Board"), which forwarded Mikulich's application to the Pension Committee for a recommendation as to whether the application should be granted.

[3]     The Pension Committee met on November 1, 2016, and reviewed Mikulich's application. Upon review, the Pension Committee found that Mikulich's condition did not meet the definition of a disability and recommended that Mikulich's application be denied. The Board adopted the Pension Committee's recommendation during its November 17, 2016 meeting.

On December 12, 2016, Mikulich filed a complaint for administrative review of the Board's decision. The County subsequently filed a motion to dismiss Mikulich's complaint. After Mikulich filed a response to the County's motion and the County filed a reply to Mikulich's response, the trial court took the matter under advisement.

On May 9, 2017, the trial court issued an order granting the County's motion to dismiss. In granting the County's motion, the trial court stated the following:

> "[t]his Court can see no connection between [Mikulich]'s rights as an employee of the Sheriff under [Indiana Code section] 36-8-10-11 and the suggested benefits to employee's of the Sheriff under [Indiana Code section] 36-8-10-15. The relief requested in [Mikulich]'s complaint – judicial review of the denial of disability benefits pursuant to [Indiana Code section] 36-8-10-11(e) – cannot be granted by this Court. The Court simply does not have the power to review that subject matter through the mechanism proposed by [Mikulich].

Appellant's App. Vol. II–Confidential, p. 3. This appeal follows.

# Discussion and Decision

On appeal, Mikulich contends that the trial court erred by dismissing his request for judicial review of the Board's decision. Under Indiana Trial Rule 12(B)(6), a trial court may dismiss an action for "[f]ailure to state a claim upon which relief can be granted." We review a trial court's dismissal of an action to pursuant to Trial Rule 12(B)(6) de novo. *Snyder v. Town of Yorktown*, 20 N.E.3d 545, 550 (Ind. Ct. App. 2014).

[7] Mikulich asserted that he was entitled to review the Board's decision under Indiana Code section 36-8-10-11. Indiana Code section 36-8-10-11 relates to the discipline and removal of police officers and, in relevant part, provides as follows:

> (a) The sheriff may dismiss, demote, or temporarily suspend a county police officer for cause after preferring charges in writing and after a fair public hearing before the board, which is reviewable in the circuit court, superior court, or probate court.…
>
> (e) An appeal under subsection (a) must be taken by filing in court, within thirty (30) days after the date the decision is rendered, a verified complaint stating in a concise manner the general nature of the charges against the officer, the decision of the board, and a demand for the relief asserted by the officer.

Indiana Code section 36-8-10-11 makes no mention of claims stemming from the denial of disability benefits.

[8] It is undisputed that in his request for judicial review, Mikulich sought relief exclusively under Indiana Code section 36-8-10-11. The trial court found no connection between the statute and Mikulich's claim for relief. As such, it determined that Mikulich had failed to state a claim upon which the requested relief could be granted. We agree and, accordingly, affirm.

[9] The judgment of the trial court is affirmed.

Robb, J., and Crone, J., concur.